**In re Frank E. BALDWIN, Jr., d/b/a Interstate Outboard Advertising Co., Debtor.**

**Bankruptcy No. 82–00302.**

United States Bankruptcy Court, D. South Carolina.

June 8, 1983.

W.E.S. Robinson, Anderson & Robinson, Columbia, S.C., for debtor.

J. Randolph Pelzer, Pelzer & Chard, Charleston, S.C., for creditor.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the court on the motion of Federal Deposit Insurance Corporation (FDIC) to dismiss the debtor's Chapter 11 case.

## FINDINGS OF FACT

On February 22, 1983, the debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code[1] (11 U.S.C. § 1101, *et seq.*).

On June 7, 1982, FDIC moved to dismiss the debtor's case pursuant to § 1112(b)(1)–(4) on the ground that a "Plan of reorganization has not been filed within the 120 days provided by this court."

On June 15, 1982, the debtor filed a plan of reorganization; whereupon, FDIC withdrew its motion to dismiss.

On August 13, 1982, the debtor filed a disclosure statement and amended plan of reorganization.

On November 15, 1982, FDIC again moved to dismiss the debtor's Chapter 11 case; this time on the ground that "a plan of Reorganization has not been approved within the 180 days from the filing on February 23, 1982 as provided by § 1121(c)(3)."

On December 22, 1982, the motion of FDIC was taken under advisement, pending the outcome of the confirmation hearing on the debtor's amended plan of reorganization.

On February 21, 1983, a confirmation hearing was held on the debtor's plan of reorganization. At the confirmation hearing, confirmation of the debtor's plan was denied. The attorney for FDIC was asked to prepare an order denying confirmation of the debtor's plan of reorganization.

On April 4, 1983, an order was signed by this court denying confirmation of the debtor's proposed Chapter 11 plan and giving the debtor 20 days after the entry of the order to file an amended plan or the case would be dismissed. On April 6, 1983, a judgment was entered on this court's order of April 4, 1983.

1. Further reference to sections of the 1978 Bankruptcy Code will omit the identically numbered sections of Title 11, United States Code.

On April 8, 1983, the debtor filed his notice of intent to appeal to the United States District Court for the District of South Carolina from this court's order of April 4, 1983 denying confirmation of the debtor's plan of reorganization.

On April 26, 1983, within 20 days of the entry of the judgment on April 6, 1983, on this court's order of April 4, 1983, the debtor filed an amended plan of reorganization.

On May 26, 1983, at the final hearing on a complaint filed by FDIC for relief from the stay, FDIC requested a ruling on its motion to dismiss the Chapter 11 case, the same motion which had earlier been taken under advisement.

## ISSUE

The issue before this court is whether to grant FDIC's motion to dismiss the Chapter 11 case.

## DISCUSSION AND CONCLUSION

Section 1112(b) permits dismissal of a Chapter 11 case *for cause*. The nine grounds listed in § 1112(b) [2] are exemplary and are not exclusive. § 102(3); S.Rep. No. 95–989, 95th Cong., 2d Sess. 117 (1978), U.S. Code Cong. & Admin.News, p. 5787.

FDIC seems to base its motion to dismiss on the fact that no plan of reorganization has been confirmed by this court within 180 days after the filing of the debtor's petition for relief.

This court can find no provision of the Bankruptcy Code which mandates that a Chapter 11 case should be dismissed if a plan of reorganization is not confirmed within 180 days after the filing of the debtor's petition for relief under Chapter 11.

Section 1121(c)(3) [3] allows any party in interest, including the debtor, to file a plan of reorganization if the debtor has not filed a plan of reorganization which has been accepted within 180 days after the date of the filing of the debtor's petition for relief and no extension of the debtor's exclusive period to file a plan has been granted pursuant to § 1121(d). Section 1121(c)(3) does not explicitly, or impliedly, require dismissal of a Chapter 11 case if a debtor's plan of reorganization has not been accepted within 180 days of the filing of the debtor's petition for relief.

Section 1112(b)(5) permits dismissal or conversion of a Chapter 11 case if no proposed plan has been confirmed *and* the court has denied additional time for filing another plan or modification of a plan. Section 1112(b)(4) permits dismissal or conversion of a case for failure to propose a plan within any time fixed by the court. Because this court's order of April 4, 1983 allowed the debtor 20 days within which to file an amended plan and the debtor filed his amended plan within the required time, neither § 1112(b)(4) nor § 1112(b)(5) warrant dismissal of the debtor's Chapter 11 case.

2. § 1112(b): Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan; (3) unreasonable delay by the debtor that is prejudicial to creditors; (4) failure to propose a plan under section 1121 of this title within any time fixed by the court; (5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of a plan; (6) revocation of an order of confirmation under section 1144 of this title, and denial of confir-

mation of another plan or a modified plan under section 1129 of this title; (7) inability to effectuate substantial consummation of a confirmed plan; (8) material default by the debtor with respect to a confirmed plan; and (9) termination of a plan by reason of the occurrence of a condition specified in the plan.

3. § 1121(c): Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—* * * (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class the claims or interests of which are impaired under the plan.

Section 1112(b)(1) permits dismissal or conversion of a Chapter 11 case if there is continuing loss or diminution of the estate *and* no reasonable likelihood of rehabilitation. Even though FDIC alleges there is no reasonable likelihood of rehabilitation, this court does not agree. The debtor owns real estate with a liquidation value of $455,750. as fixed by this court on January 3, 1983 pursuant to § 506(a). The disclosure statement approved by this court reflects that the claims against the debtor total approximately $275,399.05, leaving approximately $196,150.95 equity in the real estate. There appears to be no continuing diminution of the estate and there appears a reasonable likelihood for rehabilitation.

Section 1112(b)(2) permits dismissal or conversion of a case for inability to effectuate a plan of reorganization. The amount of the debtor's equity in his real estate and his diligence in trying to effectuate a plan of reorganization lead this court to believe that the debtor arguably has the ability to effectuate a plan and should be given the opportunity to do so.

Section 1112(b)(3) permits dismissal or conversion of a Chapter 11 case for the debtor's "unreasonable" delay which prejudices his creditors. While this case has been pending for approximately 16 months, the debtor has not been inactive, he has taken positive steps toward reorganization—he has had a valuation made of the real estate involved, he has obtained approval of a disclosure statement, and he has proposed a plan of reorganization as well as an amended plan of reorganization. There has been no unreasonable delay on the part of the debtor. For that reason, § 1112(b)(3) does not warrant dismissal of the debtor's case.

None of the causes listed in § 1112(b)(1)–(5), nor any other cause proffered warrant dismissal of the debtor's Chapter 11 case. The absence of cause for dismissing the case, the fact that the issue of confirmation of the debtor's original plan of reorganization is presently on appeal and the fact that

the debtor has filed an amended plan of reorganization, lead this court to believe that neither dismissal nor conversion of the debtor's Chapter 11 case is in the best interest of the creditors *and* the estate.

### ORDER [4]

It is, therefore, ORDERED, ADJUDGED AND DECREED that the motion of Federal Deposit Insurance Corporation to dismiss the debtor's Chapter 11 case should be, and it hereby is, DENIED.

---

4. This order reduces to writing the oral ruling issued by this court on May 26, 1983, denying